UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDDIE BROWN BROCK,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,

    Defendants.

Case No. 14-cv-02875-JSC (PR)

**ORDER OF SERVICE AND PARTIAL DISMISSAL WITH LEAVE TO AMEND; DENYING APPOINTMENT OF COUNSEL**

(Dkt. No. 2)

## INTRODUCTION

Plaintiff, an inmate at the Santa Rita Jail in Alameda County, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sheriff's Department, Corizon Health Services (which provides health care at the jail), and three individuals working at the jail.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon defendants Alameda County Sheriff Department and Corizon Health Services, and dismissed as to the individual defendants with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 1 at 4.)

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

When liberally construed, Plaintiff's allegations that the Sherriff's Department and Corizon Health Services have failed to provide him with adequate medical and dental care states a cognizable claim against them for violating his Eighth Amendment right to be free from cruel and unusual punishment. He alleges these Defendants have refused to provide him with a court-ordered breathing machine and that he has been denied dental treatment even though he has a mouth infection and severe pain in his gum and teeth. He contends he has been on a wait list to see a dentist for over a year.

Plaintiff has also listed three individuals as Defendants: Sergeant R. MacIntire, Lieutenant R. Carter, and Commander Lieutenant Shawn Peterson, but he makes no allegations against them. Specifically, he has not alleged how they were involved in any

failure to provide him with medical or dental care, or how they otherwise may have caused such rights to be violated, as he is required to do. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation,* 726 F.3d 1062, 1085 (9th Cir. 2013) (liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right). Consequently, the complaint will be dismissed as to these individual defendants. Plaintiff may file an amended complaint to correct the deficiencies in his claims against these defendants provided that he follows the instructions below.

Plaintiff has moved for appointment of counsel. There is no constitutional right to counsel in a civil case, Plaintiff is capable of presenting his claims, and the issues in the case are not complex. The Court will, on its own initiative, refer the case for location of pro bono counsel if and the circumstances of the case warrant appointment. Accordingly, the motion for appointment of counsel is denied without prejudice.

## CONCLUSION

1. The claims against Defendants MacIntire, Lieutenant Carter, and Commander Lieutenant Peterson are DISMISSED with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 14-2875 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against Defendants MacIntire, Carter and Peterson.</u>

2. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Defendants Alameda County Sheriff's Department and Corizon

Health Services at the Santa Rita Jail (Alameda County).

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the Alameda County Counsel's Office.

3. Defendants Alameda County Sheriff's Department and Corizon Health Services shall complete and file the Magistrate Judge jurisdiction consent form within **91 days** of the date this order is filed. If Defendants consent to a Magistrate Judge's jurisdiction, then:

   a. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

   b. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   c. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

   d. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

   e. Defendants shall file a reply brief no later than **14** days after the

4

opposition is filed.

      f. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Plaintiff's motion for appointment of counsel is DENIED.

**IT IS SO ORDERED.**

Dated: August 4, 2014

                                             _____
                                             JACQUELINE SCOTT CORLEY
                                             UNITED STATES MAGISTRATE JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.