UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE BROWN BROCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02875-JSC<br><br>**ORDER DISMISSING INDIVIDUAL DEFENDANTS; DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 10 |

　　　　Plaintiff, an inmate at the Santa Rita Jail in Alameda County, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sheriff's Department, Corizon Health Services (which provides health care at the jail), and three individuals working at the jail.[1] On August 4, 2014, the complaint was ordered served upon defendants Alameda County Sheriff's Department and Corizon Health Services, and dismissed as to the individual defendants, MacIntire, Lieutenant Carter, and Commander Lieutenant Peterson, with leave to amend within 28 days. In the same Order, Plaintiff's motion for appointment of counsel was denied. Corizon Health Services and the County of Alameda (indicating that Plaintiff incorrectly sued it as the "Alameda County Sherriff's Department") have each filed an answer and consented to the jurisdiction of a United States Magistrate Judge. (Dkt. Nos. 11-15.)

　　　　Plaintiff has not filed an amended complaint. He was cautioned in the Order of August 4, 2014, that "failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against Defendants MacIntire, Carter and Peterson." Because more than twenty-eight days have passed since the claims of the individual defendants were

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 1 at 4.)

dismissed with leave to amend, and plaintiff has not filed an amended complaint, the claims against them are DISMISSED with prejudice. *WMX Technologies, Inc. v. Miller*, 104 F.3d 1135, 1136 (9th Cir. 1997) (when complaint has been dismissed with leave to amend and plaintiff does not amend, further district court determination is necessary).

Plaintiff has also filed a motion for reconsideration of the denial of his motion for appointment of counsel. He argues that he needs counsel because he is in a wheelchair, 56 years old, and partially blind. These are the same arguments that he made in his original request and do not warrant reconsideration. As explained previously, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis, not the power to "appoint" counsel. 28 U.S.C. § 1915(e)(1). In addition, Plaintiff has been able to present his claims effectively, and the issues in this case are not complex, at least at this stage. Accordingly, the motion for reconsideration is DENIED. If the circumstances of this case change such that appointment of counsel is warranted, for example if a trial becomes necessary, the Court will refer the case to the Federal Pro Bono Project of the San Francisco Bar Association for location of pro bono counsel. Plaintiff need not further request appointment of counsel or reconsideration of this issue.

**IT IS SO ORDERED**.

Dated: September 22, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge